## No. 9944.

### LINGELBACH, ET AL. v. NAGLE.

Decided January 9, 1922.

Action for damages. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Abstract.* Error assigned on the insufficiency of evidence to support the verdict, cannot be considered where the abstract purports to contain but a part of the evidence.

2. *Judgment—Presumption.* Where only a part of the evidence is contained in the abstract, it will be presumed that the portion omitted supplied any apparent deficiency.

3. *Abstract—Instructions—Pleadings.* Error based on the ground that the instructions do not correctly state the issues made by the pleadings, will not be considered where the abstract does not purport to give more than the substance of the pleadings.

4. *Sufficiency of Evidence.* A verdict on conflicting and unsatisfactory evidence will not be disturbed, if it does not appear from the record that it is against the evidence.

*Error to the District Court of Weld County, Hon. Neil. F. Graham, Judge.*

Mr. LEO G. MANN, for plaintiffs in error

No appearance for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error recovered a judgment against the plaintiffs in error in an action for damages to several stacks of wheat owned by plaintiff, which damage was alleged to have been caused by the acts or omissions of the plaintiffs in error. The parties will be designated as in the trial court.

The plaintiff was the lessee of land belonging to Constance Lingelbach, the wife of her codefendant, and charged in his complaint that wheat raised on said land by the plaintiff had been destroyed in the stack by the act of the defendants in removing a fence on said premises, thus allowing stock access to the stacks.

It is assigned as error that the verdict is not supported by the evidence in that there is no evidence to show that defendant Fred S. Lingelbach was in any way responsible for the damage done. As the abstract, however, purports to contain but a part of the evidence, that assignment cannot be considered. In support of the judgment, it will be presumed that the omitted evidence supplied any apparent deficiency.

It was also urged that the instructions did not correctly state the issues made by the pleadings; but here, again, we are unable to determine the question raised, because the abstract does not purport to give more than the substance of the pleadings.

The testimony as to the damage done to the stacks, as abstracted, is far from satisfactory, and the evidence as to the oral lease is strongly in conflict, but from the record before us we cannot say that the verdict is against the evidence. The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.